UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMTEC SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FARNAM STREET FINANCIAL INC., MIKE LOUWERSE, JOHN DOES 1–10, and JANE DOES 1–10, <br><br> Defendants. | No. 1:21-cv-19406 <br><br><br><br> OPINION |

**APPEARANCES**:

ERIC BROWNDORF
WILLIAM P. RUBLEY
Cooper, Levenson, April, Niedelman & Wagenheim, PA
1125 Atlantic Avenue
Suite 300
Atlantic City, NJ 08401

    *On behalf of Plaintiff*.

TERRI JANE FREEDMAN
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ 07052

    *On behalf of Defendants*.

**O'HEARN, District Judge.**

## INTRODUCTION

This matter comes before the Court on the Motion to Transfer Venue by Defendants Farnam Street Financial, Inc. and Mike Louwerse. (NJ ECF No. 11).[1] The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, the Motion is **GRANTED**.

## I.   BACKGROUND

In December 2017, Plaintiff ComTec Systems, Inc. ("Plaintiff" or "ComTec"), a New Jersey corporation, entered into an agreement with Defendant Farnam Street Financial, Inc. ("Farnam"), a Minnesota corporation, to lease certain hardware equipment related to ComTec's telecommunications business and for "soft-cost funding." (NJ Complaint, NJ ECF No. 1-1). ComTec allegedly defaulted on this agreement by failing to pay monthly lease charges, leading Farnam to file an action[2] for breach of contract and replevin in the U.S. District Court for the District of Minnesota ("Minnesota Action"), the jurisdiction contemplated by the lease agreement's forum-selection clause.[3] (Lease Agreement, NJ ECF No. 1-2). ComTec filed its Answer in the Minnesota Action, including a counterclaim for breach of the implied covenant of good faith and fair dealing, on October 13, 2021. (MN ECF No. 7).

That same day, Plaintiff brought this action in the Superior Court of New Jersey, Cumberland County, asserting claims under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-

---

[1] Throughout this Opinion, the Court refers to filings by the parties in both this case and an ongoing proceeding in the U.S. District Court for the District of Minnesota. In the interest of clarity, the Court will refer to entries on the docket in New Jersey using "NJ ECF No.," and entries on the docket in Minnesota using "MN ECF No."

[2] *Farnam Street Fin., Inc. v. ComTec Sys., Inc.*, No. 21-02074 (D. Minn. filed Sept. 20, 2021).

[3] The clause reads: "Lessee [ComTec] and Lessor [Farnam] consent to jurisdiction of any local, state or federal court located within Minnesota. Venue will be in Minnesota and Lessee hereby waives local venue and any objection relating to Minnesota being an improper venue to conduct any proceeding relating to this Lease Agreement." (Lease Agreement, NJ ECF No. 1-2).

1, et seq. ("NJCFA"), common law fraud, and civil conspiracy against Farnam, as well as Mike Louwerse—a Farnam employee—and fictitious persons John Does 1–10 and Jane Does 1–10 (collectively, "Defendants"). (Summons and Complaint, NJ ECF No. 1-1). Defendants promptly removed the case to this Court on October 28, 2021, based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. (NJ ECF No. 1).

One week later, on November 5, 2021, Defendants filed the Motion to Transfer Venue now before the Court under 28 U.S.C. § 1404(a), arguing that the lease agreement's forum-selection clause and the "first-filed rule" require the transfer of this case to the U.S. District Court for the District of Minnesota. (NJ ECF No. 11). Plaintiff then filed a Brief in Opposition, (NJ ECF No. 16), to which Defendants replied. (NJ ECF No. 17).

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Normally, when considering motions to transfer under § 1404(a), courts in the Third Circuit consider a series of non-exhaustive public-interest and private-interest factors. *Jumara v. State Farm Ins.*, 55 F.3d 873, 879–80 (3d Cir. 1995). However, in cases in which a party moves for transfer pursuant to a contract's allegedly applicable and binding forum-selection clause, "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59–60 (2013) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

Forum selection clauses are "presumptively valid," *Wall St. Aubrey Golf, LLC v. Aubrey*,

189 F. App'x 82, 85 (3d Cir. 2006), and can apply to tangential claims that arise out of the parties' contractual relationship. *See, e.g.*, *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997) (holding that, in a forum-selection clause, the language "arising in relation to" applies broadly to any dispute whose origin has some "logical or causal connection" to the contract). Courts should bar enforcement of a forum-selection clause "only where 'the *inclusion of that clause in the contract* was the product of fraud or coercion.'" *Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 675–76 (D.N.J. 1993) (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n.14 (1974)) (emphasis in original).

Once a district court determines that a forum-selection clause is valid and applies to a dispute between parties, it "may consider arguments about public-interest factors only" before granting a motion to transfer. *Atl. Marine*, 571 U.S. at 64. The Third Circuit has identified six public-interest factors for courts to weigh when considering motions to transfer under § 1404(a):

> [(i)] the enforceability of the judgment; [(ii)] practical considerations that could make the trial easy, expeditious, or inexpensive; [(iii)] the relative administrative difficulty in the two fora resulting from court congestion; [(iv)] the local interest in deciding local controversies at home; [(v)] the public policies of the fora; and [(vi)] the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879 (citations omitted). "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64.

Therefore, before enforcing a forum-selection clause, a court must determine that: (1) the clause is valid; (2) it governs the dispute; and (3) public-interest factors do not override the parties' contractual choice of venue.

### III.  DISCUSSION

The Court now turns to whether this case should be transferred to the U.S. District Court for the District of Minnesota on Defendants' Motion under § 1404(a). Because the forum-selection

4

clause in the parties' lease agreement is valid and applicable to this dispute, and because the public-interest factors do not override the parties' contractual choice of venue, the Court agrees with Defendants that the case must be transferred. That there is already a pending proceeding between the parties in that court further supports the transfer.[4]

### A. The Forum-Selection Clause Is Valid

Forum-selection clauses are "presumptively valid," *Wall St. Aubrey*, 189 F. App'x at 85, and should be enforced "unless the clause resulted from fraud, violates public policy, or requires resolution in a seriously inconvenient forum." *Fernandes v. Deutsche Bank Nat'l Trust Co.*, 157 F. Supp. 3d 383, 389 (D.N.J. 2015). Mere "general allegations of fraud, deceit and misrepresentation are not adequate to void a forum selection clause." *Nat'l Micrographics Sys.*, 825 F. Supp. at 675–76. Rather, only if "the *inclusion of that clause in the contract* was the product of fraud or coercion" should a court bar enforcement. *Scherk*, 417 U.S. at 519 n.14. Here, although Plaintiff alleges a number of fraudulent business practices on the part of the Defendants, none relate to the inclusion of the forum-selection clause in the agreement. Indeed, based on its briefing in this case, Plaintiff appears to recognize and does not contest the validity of the forum-selection clause, choosing instead to focus its arguments on the public-interest factors which the Court addresses below. The Court finds that the forum-selection clause is valid.

### B. The Forum-Selection Clause Governs This Dispute

The Third Circuit has held that forum-selection clauses that use language like "arising in relation to" or similar phrases sweep broadly, encompassing disputes that bear any "logical or

---

[4] Having found that this case should be transferred under § 1404(a), and finding further support for transfer in the Court's discretion under the "first-filed rule," the Court need not reach and offers no opinion regarding Defendants' argument that Plaintiff's claims in this action are, in fact, compulsory counterclaims in the Minnesota Action.

causal connection" to the contract at issue. *See John Wyeth*, 119 F.3d at 1074. Here, the parties agreed that "[v]enue will be in Minnesota and Lessee hereby waives local venue and any objection relating to Minnesota being an improper venue to conduct any proceeding *relating to* this Lease Agreement." (Lease Agreement, NJ ECF No. 1-2 (emphasis added)). As this dispute concerns allegedly fraudulent practices by Defendants in the formation of the agreement, it bears a logical and causal connection to the agreement. Moreover, Plaintiff appears to concede the point that the clause governs as well, focusing on the public-policy interests addressed below. Accordingly, the Court holds that the forum-selection clause governs this dispute.

### C. The Public-Interest Factors Do Not Override the Parties' Contractual Choice of Venue

Courts should only bar enforcement of a valid and applicable forum-selection clause in the "unusual case[]" where public-interest factors override the parties' contractual choice of venue. *Atl. Marine*, 571 U.S. at 582. Weighing the factors identified by the Third Circuit in *Jumara*, none do here. *Jumara*, 55 F.3d at 879.

Plaintiff points to no reason that the U.S. District Court for the District of Minnesota would have any greater difficulty than this Court in enforcing a judgment. Ease, expeditiousness, and expense of proceedings, as discussed in greater detail below, all recommend transfer given the ongoing Minnesota Action, in which Plaintiff has already appeared. Relative court congestion also strongly supports transfer as well: as Defendants underscore, the District of Minnesota faces significantly less congestion than this Court.[5] Further, this case is not merely a local dispute. While Plaintiff brings its claims under New Jersey law, the dispute concerns an agreement made under

---

[5] *See Table C-1—U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (June 30, 2021)*, U.S. COURTS (Dec. 16, 2021, 4:00 PM) (logging significantly more pending civil cases in the District of New Jersey than in the District of Minnesota), https://www.uscourts.gov/statistics/table/c-1/statistical-tables-federal-judiciary/2021/06/30.

6

Minnesota law between New Jersey and Minnesota corporations. (Lease Agreement, NJ ECF No. 1-2). New Jersey has an interest in protecting its corporate citizens from fraud, but so too does Minnesota in effectuating (at least allegedly valid) contracts made under its laws. And while this Court may have greater familiarity with the New Jersey laws under which Plaintiff pursues its claims, the Court has full faith in the judges of the District of Minnesota to properly apply the NJCFA.

Given all this, Plaintiff's argument hinges largely on public-interest factor number five—"the public policies of the fora"—suggesting that New Jersey's interest in regulating business entities operating within its borders under the NJCFA is so strong that this Court should ignore the agreements made by such entities with respect to forum selection. The Court declines to do so. While Plaintiff proffers significant evidence that New Jersey has a strong interest in seeing the NJCFA effectively implemented, this does not support the proposition that foreign courts are incapable of enforcing the law. Indeed, Defendants identify multiple cases in which this Court has entrusted the federal courts of other states to adjudicate NJCFA claims. *See, e.g.*, *Mucciarello v. Viator, Inc.*, No. 18-14444, 2019 WL 4727896 (D.N.J. Sept. 27, 2019) (transferring a case involving NJCFA claims to the District of Massachusetts); *see also Orange Rabbit, Inc. v. Franchoice, Inc.*, No. 19-00687, 2019 WL 7598653 (D. Minn. Dec. 19, 2019) (adjudicating claims under the NJCFA raised in the first instance in the District of Minnesota). The U.S. District Court for the District of Minnesota can do so here, too.

For these reasons, the Court finds that the public-interest factors do not override the parties' contractual choice of venue.

### D.  The "First-Filed Rule" Further Supports This Case's Transfer

"[W]here there are parallel proceedings in different federal courts, the first court in which

7

jurisdiction attaches has priority to consider the case." *FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 737 (E.D. Pa. 2005). "[W]hen cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars–Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). Two cases need not be identical to be considered parallel; a "substantial overlap" is sufficient. *Inter City Retread, Inc. v. Michelin Retread Technologies, Inc.*, No. 14-1564, 2014 WL 12621593, at *2 (D.N.J. April 4, 2014). Here, Plaintiff asserts claims related to fraud, misrepresentation, and unconscionable business practices on the part of the Defendants (NJ Complaint, ECF No. 1-1), while in the Minnesota Action, ComTec has raised a counterclaim alleging a breach of the implied covenant of good faith and fair dealing (MN ECF No. 7). Because the claims both concern the formation and operation of the same agreement, the evidence that ComTec will present to support its claims in both actions will be substantially similar, if not the same. Accordingly, the Court finds that the proceedings in the two fora are parallel, and the Minnesota Action, having been filed first, takes primacy. This only further supports this Court exercising its discretion to transfer this case to the District of Minnesota.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Transfer Venue. (NJ ECF No. 11). An appropriate Order accompanies this Opinion.

                                                   */s/ Christine P. O'Hearn*
                                                   CHRISTINE P. O'HEARN
                                                   United States District Judge